IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOMINICK N. STEPPAN, No. A90315

Petitioner,

    vs.                                          Case No. 16-cv-00153-DRH

KIMBERLY BUTLER,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Dominick N. Steppan is currently incarcerated at Menard Correctional Center, located within the Southern District of Illinois. Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, petitioner challenges his May 1, 2009 conviction for attempted first-degree murder and aggravated discharge of a firearm for which he is serving a 50-year sentence of imprisonment. Petitioner was convicted after a jury trial in the Massac County Circuit Court, Case No. 08-CF-161.

Petitioner appealed his conviction to the Illinois Appellate Court, Fifth Judicial District, alleging (1) he was denied a speedy trial, (2) the prosecution did not establish that he was guilty of attempted murder beyond a reasonable doubt, (3) prosecutorial misconduct, (4) he was denied due process when he was not given a medical exam, (5) ineffective assistance of counsel, (6) there was no judgment entered on either of his guilty verdicts, and (7) his conviction for

aggravated discharge must be vacated. Petitioner's conviction was affirmed in part on April 25, 2012.[1] Petitioner then petitioned for leave to appeal to the Illinois Supreme Court, which was denied on September 26, 2012. He did not file a petition for *certiorari* with the United States Supreme Court.

While his direct appeal was pending, petitioner filed a post-conviction petition on February 6, 2012 with the Massac County Circuit Court, alleging two grounds of ineffective assistance of counsel. This petition was denied on May 23, 2013, and petitioner appealed. However, the appellate court affirmed the denial on October 9, 2015. Petitioner once again brought his claim to the Illinois Supreme Court, which denied the petition for leave to appeal on January 20, 2016. He then timely filed the current action with this Court on February 10, 2016.

In his petition currently before the Court, petitioner makes two claims for relief: (1) he was not found guilty beyond a reasonable doubt as to his attempted first-degree murder conviction because all of the witnesses testified that the shooter discharged his firearm into the second-story dwelling of the house, not at an individual, and so it was not established that he acted with specific intent to kill the victim; and (2) he was denied effective assistance of trial counsel because his attorney failed to impeach a key witness (Connie Hambrick) with her prior written statement to the police.

---

[1] The partial judgment for aggravated discharge was vacated.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this Order is entered.[2] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Doc. 3) is **DENIED** at this time as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

---

[2] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 2, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.02 11:47:23 -06'00'

**United States District Court**